# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| BENNY WILLIAMS, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:13-CV-1150 CAS |
| ) | |
| PATRICK R. DONAHOE, Postmaster ) | |
| General, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for appointment of counsel. In his motion, plaintiff states that because of his poverty, he is unable to pay a reasonable attorney fee. He states that he has made diligent efforts to obtain counsel, but because of his poverty he has been unable to secure counsel.

Plaintiff brings this action under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621, et seq. ("ADEA"), against Patrick R. Donahoe, Postmaster General, United States Postal Service ("USPS") for employment discrimination on the basis of age.

In civil cases, there is no constitutional or statutory right to appointed counsel. See Ward v. Smith, 721 F.3d 940, 942 (8th Cir. 2013). The appointment of counsel for an indigent plaintiff bringing claims solely based on age discrimination case pursuant to the ADEA lies within the discretion of the Court. The standard for appointment of counsel in a civil case is whether both the plaintiff and the Court would benefit from the assistance of counsel. Edgington v. Missouri Dept. of Corrections, 52 F.3d 777, 780 (8th Cir. 1995) (citations omitted). The Eighth Circuit has delineated certain criteria for district courts to consider in deciding whether to recruit counsel: (1)

the factual and legal complexity of the underlying issues; (2) the existence of conflicting testimony; and (3) the ability of the indigent plaintiff to investigate the facts and present his claims.  See Ward, 721 F.3d at 942.

Plaintiff is proceeding in forma pauperis in this case.  His statement of the case is typewritten in four paragraphs, and concerns discriminatory conduct that apparently occurred on one day.  Based on the record, plaintiff was employed by defendant less than a year, from May 8, 2010 to December 31, 2010.  Plaintiff's factual assertions are not complex, nor do they span an inordinate amount of time.  It is unlikely that discovery will be burdensome or voluminous.  As to the legal issues, plaintiff's claim is brought solely for age discrimination under the ADEA.  The legal issues are not complex.

This case is still in its early stages.  Plaintiff has represented himself and participated in the preparation and filing of a joint proposed scheduling plan, which was adopted by the Court.  Discovery is ongoing between the parties, and no disputes have been brought to the Court's attention.  The Court is unaware of any conflicting testimony at this stage of the proceedings.  Dispositive motions are not due until June 13, 2014, and trial is set for January 5, 2015.

Having considered the factors outlined above, the Court concludes it would not benefit from the assistance of counsel at the present time, as the legal and factual issues presented in this matter appear to be routine, and plaintiff appears able to clearly articulate his claim.  Moreover, as a former employee, plaintiff can gather and present the key facts underlying his cause of action.  The Court will therefore deny plaintiff's motion for appointment of counsel without prejudice.

The Court notes that this case is tentatively scheduled for referral to court-sponsored alternative dispute resolution on June 13, 2014.  Plaintiff is advised that pursuant to Local Rule

6.02(C), he may file a motion for appointment of counsel to represent her "for the limited purpose of providing legal advice and representation in preparation for and during the course of mediation . . . ." L.R. Rule 6.02(C)(2). Under the Rule, the court-appointed representation would end, and appointed counsel would have no further obligation to advise or otherwise appear on plaintiff's behalf, when the ADR process is concluded. L.R. 6.02(C)(3). Plaintiff may, if he wishes, file a motion for appointment of counsel for the limited purpose of assisting her with ADR. Such a motion should be filed by May 13, 2014.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for appointment of counsel is **DENIED without prejudice**. [Doc. 4]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 16th day of January, 2014.