# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| BENNY WILLIAMS, JR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:13-CV-1150 CAS |
| PATRICK R. DONAHOE, Postmaster General, | ) ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Patrick R. Donahoe, Postmaster General's motion for summary judgment. Plaintiff Benny Williams, Jr., appearing pro se, has responded to the motion. Defendant did not file a reply brief, and the time for doing so has passed. For the following reasons, the Court will grant defendant's motion for summary judgment.

**I.   Background**

Plaintiff brings this action under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621, et seq. ("ADEA"), against defendant for employment discrimination on the basis of age. Plaintiff was hired as a temporary, non-career casual vehicle operator for the United States Postal Service ("USPS"). His term of service expired on December 31, 2010, and his assignment was terminated on that day. Plaintiff alleges the USPS unlawfully discriminated against him because three younger drivers were hired as casual employees in November 2010, and were still employed on December 31, 2010. He states also that a dispatch supervisor harassed him by commenting that he drove "like an elderly person." (Compl. at ¶ 12). The USPS denies age

discrimination, stating that it terminated plaintiff on December 31, 2010 because his temporary position ended.

## II. Summary Judgment Standard

The standards applicable to summary judgment motions are well settled. Pursuant to Federal Rule of Civil Procedure Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The initial burden is placed on the moving party. City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc., 838 F.2d 268, 273 (8th Cir. 1988) (the moving party has the burden of clearly establishing the non-existence of any genuine issue of fact that is material to a judgment in its favor). Once this burden is discharged, if the record does in fact bear out that no genuine dispute exists, the burden then shifts to the non-moving party who must set forth affirmative evidence and specific facts showing there is a genuine dispute on that issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). In determining whether the moving party has met its burden, all evidence and inferences are to be viewed in the light most favorable to the non-moving party. Johnson v. Enron Corp., 906 F.2d 1234, 1237 (8th Cir. 1990).

With this standard in mind, the Court accepts the following facts as true for purposes of resolving this motion for summary judgment.[1]

---

[1] The Court adopts the Statement of Undisputed Material Facts presented by defendant in his Motion for Summary Judgment ("Def.'s SOF"). This statement of facts is supported by the deposition testimony of plaintiff and the USPS's institutional documents. Plaintiff has not disputed defendant's statements of the facts as he failed to submit a statement of material facts as to which he contends a genuine issue exists, as required by Local Rule 4.01(E). For purposes of this motion

**III.     Facts**

Plaintiff alleges he was subjected to unlawful discrimination based on his age in violation of the ADEA.  Plaintiff was 55 years of age during his employment with the USPS.  Plaintiff was employed under a temporary, non-career appointment with the USPS as a "Casual Tractor Trailer Operator," at the St. Louis Processing and Distribution Center, effective May 8, 2010.  By letter dated May 7, 2010, plaintiff was advised that "[u]pon successful completion of one appointment, providing your services are needed, a second appointment may be granted."

The Employee and Labor Relations Manual ("ELM"), Section 419.11, defines a "casual employee" as follows: "Casual employees are nonbargaining unit, noncareer employees with limited-term appointments.  These employees are employed as a supplemental workforce, as described in collective bargaining agreements, to perform duties assigned to bargaining unit positions."

The ELM, Section 365.33 defines "Termination or Separation of Temporary of Casual Employees" as follows:

> An employee serving under a temporary appointment may be separated at any time after notice in writing.  In determining the proper action for a particular case, the following criteria are used:
>
> a.     *Termination, expiration of appointment*, is a term used to separate an employee whose services are no longer needed.
>
> b.     *Separation* is the term used when describing the discontinuance of the service of a temporary or casual employee because of unsatisfactory performance that warrants termination from the Postal Service.

---

plaintiff is deemed to have admitted all facts which were not specifically controverted.  See Roe v. St. Louis Univ., 746 F.3d 874, 881 (8th Cir. 2014).

- 3 -

By written notice dated December 2, 2010, signed by Acting Manager PVS Operations, Eva Jeter, plaintiff was informed that his temporary appointment had concluded and he was being terminated from the casual appointment with the USPS effective December 31, 2010.

Plaintiff alleges that he did not receive the written notice of termination until December 30, 2010. Plaintiff alleges that he asked on December 28, 2010, "why [he] was not on the schedule to the dispatch supervisor, Anthony Richardson [Supervisor of Transportation Operations]" who stated "he did not know." Plaintiff testified that if he had received the December 2, 2010 letter in the mail, he "would have never stayed [t]here until December 31 . . . I would have told them I quit today . . . I wouldn't have stayed . . . ." (Def.'s SOF, Ex. D at 28).

After plaintiff received the notice of termination, he did not talk to Mr. Richardson or Ms. Jeter, and did not try to contact anyone from USPS management to inquire as to why he was being terminated. Plaintiff's "only reason" for alleging that his age was a factor in the decision to separate him from his casual appointment is "I was the oldest casual here." (Def.'s SOF, Ex. D at 26).

Plaintiff filed a formal EEO Complaint which was postmarked April 2, 2011, and stamped "received" by the USPS on April 5, 2011. Plaintiff alleges he "was terminated **not** because of my **conduct and performance** but because Mr. Richardson['s] animosity towards me." (Def.'s SOF, Ex. E) (emphasis in original).

Plaintiff alleges that three younger casual Tractor Trailer Operators were hired in November 2010, and that all three casual drivers are still employed by the USPS. The casual drivers hired in November, 2010 were all over the age of 40: Gregory Hazlett (age 44); Melvin Perry (age 43); and Floyd Jennings (age 51).

By letter dated March 15, 2010, Ms. Jeter informed another younger casual vehicle operator, Robert Hamby, that effective March 15, 2010, he was being terminated from his temporary assignment with the USPS. Hamby was 36 years old at the time of his termination. By letter dated May 31, 2011, Ms. Jeter informed Gregory Hazlett that effective June 1, 2011, he was being terminated from his temporary assignment as a casual motor vehicle operator with the USPS. Hazlett was 44 years old at the time of his termination.

During discovery at the administrative level, plaintiff was asked whether he was alleging that other USPS employees were treated in a more favorable manner than he was and his response was "no." (Def.'s SOF, Ex. D at 44).

**IV.  Discussion**

The ADEA protects individuals aged 40 and over by prohibiting employers from discharging or otherwise discriminating against such individuals with respect to their compensation, terms, conditions, or privileges of employment on the basis of their age. 29 U.S.C. § 623(a). To establish his claim under the ADEA, plaintiff "must prove by a preponderance of the evidence (which may be direct or circumstantial) that age was the but-for cause of the challenged employer decision." Tramp v. Associated Underwriters, Inc., 768 F.3d 793, 800 (8th Cir. 2014) (quoting Gross v. FBL Fin. Servs., Inc., 557 U.S. 167, 177-78 (2009)). The familiar McDonnell Douglas test still applies in ADEA cases. Id. "At all times, [plaintiff] retains the burden of persuasion to prove that age was the 'but-for' cause of the termination." Id. at 800.

    A.    Direct Evidence

"[D]irect evidence is evidence showing a specific link between the alleged discriminatory animus and the challenged decision . . . ." Ramlet v. E.F. Johnson Co., 507 F.3d 1149, 1152 (8th

Cir. 2007). Whether evidence is direct depends on its causal strength. Id. "[D]irect evidence does not include stray remarks in the workplace, statements by nondecisionmakers, or statements by decisionmakers unrelated to the decisional process itself." Id. at 1153.

Plaintiff's only evidence regarding his allegation of age discrimination is that a dispatch supervisor, Anthony Richardson, "harassed the plaintiff on driving too slow due to him being an elderly person." (Pl. Resp. at 2; see also Compl. at ¶ 12). Plaintiff referred to Mr. Richardson's age-related comments both in his complaint and in his response to defendant's motion for summary judgment.

As a threshold matter, the Court cannot consider Mr. Richardson's statements as direct evidence of discrimination because the evidence is inadmissible. Pursuant to Federal Rule of Civil Procedure 56(c), the Court cannot rely on plaintiff's unsworn statements. Plaintiff did not file a verified complaint, and he has submitted no affidavit or other declaration under penalty of perjury that would support these statements. See Risdal v. Nixon, --- Fed. App'x ----, 2014 WL 5471985, *1 (8th Cir. Oct. 30, 2014) (per curiam) ("Risdal's unsworn telephone-hearing statements were not properly submitted under [Fed. R. Civ. P.] 56(c), however, and thus the district court erred, as a matter of law, in relying on those statements in denying the motion for summary judgment.") (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 158 n.17 (1970) (unsworn statements are not admissible at summary-judgment stage of proceedings)).

In fact, in his only sworn statements, plaintiff contradicts the allegations he made regarding Mr. Richardson's age-related comments. At deposition, plaintiff testified as follows regarding Mr. Richardson's alleged age-related comments:

> Q. Did you ever hear Mr. Richardson state that you were going to be separated in 2010 because of your age?

  A. No.

  Q. Has anybody ever told you that they overheard Mr. Richardson say that you were going to be separated in December of 2010 because of your age?

  A. No.

  Q. Have you seen any documentation stating or inferring that Mr. Richardson was going to separate you from employment in December of 2010 because of your age?

  A. No.

  Q. Did Mr. Richardson ever make any comments at all to you about your age?

  A. No.

(Def.'s SOF, Ex. D at 26-27).

Even were the Court to deem admissible plaintiff's unsworn statements regarding Mr. Richardson's age-related comments, plaintiff has not demonstrated a specific link between the age-related comments and his termination. See Ramlet v. E.F. Johnson Co., 507 F.3d 1149, 1153 (8th Cir. 2007) (finding no link between age-related comments and decisional process as comments were made months before termination to employees not involved in decisional process). More importantly, there is no evidence that Mr. Richardson was a decision-maker in regard to plaintiff's termination. Although plaintiff states that Mr. Richardson was his supervisor, the letter of termination was signed by Eva Jeter, the Acting Manager of Operations. (Def. SOF at ¶ 7). At deposition, plaintiff did not recall Mr. Richardson making the decision to terminate him. (Def. SOF, Ex. D. at 23).

Finally, assuming plaintiff's allegations regarding Mr. Richardson's age-related comments were admissible and further assuming Mr. Richardson was a decision-maker, plaintiff has not provided any information regarding the context or time frame in which Mr. Richardson's age-related

comments were made. Mr. Richardson's alleged comment that plaintiff drove too slow and like an elderly person could have been made months before his termination in a light-hearted or joking manner. Generally, an isolated joke, without more, is insufficient to prove age discrimination. See, e.g., Montgomery v. John Deere & Co., 169 F.3d 556, 560–61 (8th Cir. 1999). Plaintiff has not provided the context in which the alleged statements were made, and for this additional reason, he has not submitted any admissible direct evidence sufficient to raise a genuine question of material fact whether the USPS's reason for terminating him was age.

B. The Familiar *McDonnell Douglas* Test

Without any direct evidence of age discrimination, plaintiff must prove by circumstantial evidence that age was the but-for cause of his termination. See Tramp, 768 F.3d at 800. "The familiar McDonnell Douglas test still applies in ADEA cases." Id.

Plaintiff must first establish a four-part prima facie case of age discrimination. To establish a prima facie case, plaintiff is required to show he: "(1) was at least forty years old, (2) suffered an adverse employment action, (3) was meeting his employer's legitimate expectations at the time of the adverse employment action, and (4) was replaced by someone substantially younger." Holmes v. Trinity Health, 729 F.3d 817, 822 (8th Cir. 2013) (citing Gibson v. American Greetings Corp., 670 F.3d 844, 855 (8th Cir. 2012)).

Plaintiff cannot show the fourth element of his prima facie case—that he was replaced by someone substantially younger. First, plaintiff was hired as a non-career employee with a limited term as part of the USPS's supplemental work force and was terminated at the expiration of his appointment. He has submitted no evidence that he was replaced. The Court has no evidence that the USPS hired any casual motor vehicle operators after plaintiff's termination.

In his complaint, plaintiff states that three additional temporary casual employees were hired as drivers one month prior to his termination, in November 2010. Presumably, plaintiff argues these employees were his replacements. These three casual employees were Floyd Jennings, age 51; Gregory Hazlett, age 44; and Melvin Perry, age 43. Like plaintiff, each of these employees was over the age of 40 when they were hired and were part of the ADEA's protected class. It is doubtful that the USPS would hire several additional employees in the protected class and then discriminate against plaintiff on the basis of age. See Fitzgerald v. Action, Inc., 521 F.3d 867, 877 (8th Cir. 2008) ("We have noted it is unlikely a supervisor would hire an older employee and then discriminate on the basis of age, and such evidence creates a presumption against discrimination."). Not only did the USPS hire plaintiff at the age of 55, but it hired three additional temporary employees over the age of 40. The fact that the USPS continued to hire employees in the age-protected class creates a presumption against a finding of age discrimination. Id.

The Eighth Circuit has not established a bright line rule in which an age difference is presumptively substantial. It has repeatedly held that a five-year age difference is insufficient to establish a prima facie case. Ramlet v. E.F. Johnson Co., 507 F.3d 1149, 1154 (8th Cir. 2007) (citing Lewis v. St. Cloud State Univ., 467 F.3d 1133, 1136 (8th Cir. 2006)); Schiltz v. Burlington N. R.R., 115 F.3d 1407, 1413 (8th Cir. 1997). The age difference between plaintiff and the three other casual drivers hired during his term are 12, 11, and 4 years. The Court finds an age difference of four years insufficient to establish a prima facie case. Id. Gregory Hazlett, the driver eleven years plaintiff's junior, was terminated at the end of his temporary assignment on June 1, 2011. Thus, even assuming Mr. Hazlett was substantially younger, he was not treated any differently than

plaintiff. Viewing all facts in the light most favorable to plaintiff, the only driver who could be seen as a substantially younger replacement would be Melvin Perry, age 43.

Out of an abundance of caution, in the alternative to finding plaintiff has not established a prima facie case, the Court will assume plaintiff could make a prima facie case of age discrimination by pointing to Melvin Perry as his substantially younger replacement. The burden then shifts to the employer to articulate a legitimate non-discriminatory reason for its actions. Davis v. Jefferson Hosp. Ass'n, 685 F.3d 675, 681 (8th Cir. 2012). Defendant has articulated a legitimate non-discriminatory reason for its actions—namely, plaintiff was hired as a temporary, casual employee and he was terminated at the conclusion of his appointment. Plaintiff has not shown that this stated reason is pretext for discrimination. Plaintiff has presented no evidence that his termination on December 31, 2010 was for any reason other than that his services were no longer needed.

In sum, plaintiff was hired at the age of 55 as a temporary, casual employee for the USPS. He was terminated at the conclusion of his appointment because he was no longer needed. No replacement was hired. Because plaintiff cannot show that he was terminated and replaced by someone substantially younger, he has failed to carry his burden of establishing a prima facie case of age discrimination. Alternatively, plaintiff failed to show that defendant's legitimate non-discriminatory explanation for plaintiff's termination was pretext for age discrimination.

## V. Conclusion

At all times, plaintiff retains the burden of persuasion to prove that age was the "but-for" cause of termination. See Tramp, 768 F.3d at 800. He has not satisfied this burden, and therefore the Court will grant defendant's motion for summary judgment.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Patrick R. Donahoe, Postmaster General's, motion for summary judgment is **GRANTED**. [Doc. 22]

A Judgment will accompany this Memorandum and Order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 13th day of November, 2014.